IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**MARCO FASHWAN BOBO,**      **PETITIONER**

**V.**      **NO. 2:06CV018-P-B**

**STATE OF MISSISSIPPI, et al.,**      **RESPONDENTS**

## OPINION

This cause comes before the court on the petition of Marco Bobo for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Respondents state and the court agrees that Petitioner has exhausted his state court remedies and this matter is ripe for review.

### Factual Background

Petitioner was convicted in the Circuit Court of Panola County, Mississippi, of the sale of cocaine. Petitioner was sentenced to a term of ten years and was placed in the Regimented Inmate Discipline ("RID") program. Petitioner successfully completed the RID program on April 15, 1999, and was placed on probation for the remainder of this sentence.

On June 22, 2000, Bobo's probation offer filed a petition to revoke probation based on Bobo's testing positive for cocaine, failing to report, failing to work at suitable employment and failing to pay court assessments. As a result, after a hearing, the trial judge revoked Bobo's probation for one year. Subsequently, Petitioner was again released and returned to probation.

In June of 2003, a second revocation petition was filed alleging that Bobo had committed new crimes.[1] This petition was later amended and alleged that Bobo had been using a controlled substance and left the scene of an accident. Bobo again received a hearing and his probation was

---

[1] Bobo had been indicted and tried, along with a codefendant, for conspiracy to commit armed robbery and robbery with the use of a deadly weapon. A not guilty verdict was returned on both counts. As a result of the not guilty verdict, the revocation petition was amended.

revoked. In January 2004, he was ordered to serve the remaining years of his original ten year sentence in the custody of the department of corrections.

Petitioner filed a motion for Post-Conviction Collateral Relief in the Panola County Circuit Court on December 16, 2004, challenging the revocation of his probation. The primary basis of his motion, was that the trial court did not have the authority to revoke his probation because, Bobo argues, he was no longer on supervised release. According to Bobo, he received a "gold seal" from the Mississippi Department of Corrections ("MDOC") fully and finally releasing him from his sentence in April 2001. The trial court denied his post-conviction motion and held "as a matter of law that Bobo was still on probation" and that the revocation was proper. Bobo then filed an appeal and on November 1, 2005. The Mississippi Court of Appeals affirmed the lower court's denial of relief. *See Bobo v. State*, 914 So.2d 767 (Miss. App. 2005).

## Standard of Review

Bobo's petition sets forth three grounds for relief. Because each has been considered and ruled upon on the merits by the state courts, either on direct appeal or on motion for post-conviction relief, each is reviewed in within the limited confines of the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d) and *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

Since all of the claims in the instant petition, have been decided on the merits by the state courts, Petitioner must contend with the presumption of correctness afforded to those findings. 28 U.S.C. § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Until recently, the test for unreasonableness under § 2254(d)(1) in the Fifth Circuit was whether "'reasonable jurists considering the question would be of one view that the state court ruling was incorrect.'" *Moore v. Johnson*, 101 F.3d 1069, 1075-76 (5th Cir. 1996) (citing *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996)). However, the Supreme Court of the United States expressly rejected the *Drinkard* reasonable jurist standard in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 1522 (2000). Pursuant to *Williams v. Taylor*, the court may issue the writ of *habeas corpus* only if the state court's ruling resulted in a decision that "(1) was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." *Williams*, 529 U.S. at 411-13, 120 S. Ct. at 1523 (internal quotation marks omitted). Furthermore,

> [u]nder the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* It is not enough that the state court decision applied the law erroneously or incorrectly. The application of the principle must be unreasonable. *Id.* at 409-10. The district court must ask whether the state court's application of the principle was objectively reasonable, not whether all reasonable jurists would agree the state court made an incorrect decision. *Id.* at 408-10.

### **Grounds for Relief**

In support of his petition, Bobo has asserted three bases for relief:

Ground One: Whether the sentencing court's dismissal of Bobo's petition for post conviction relief without a hearing was error.

3

Ground Two:	Whether the sentencing court's revocation of all remaining time of Bobo's probationary sentence was proper.

Ground Three:	Whether Bobo is responsible for the mis-communication between the sentencing court and MDOC.

**Discussion**

Ground One

Bobo argues that his petition for post-conviction relief should not have been dismissed without a hearing. Bobo does not dispute his conduct which resulted in the 2004 revocation. Rather, Bobo alleges that the revocation was not proper because after he received the "gold seal" in April 2001, he was no longer on supervised release. The Petitioner suggests that a hearing, with testimony of his probation officer, was necessary to fully develop and explain the existence of the "gold seal" which lead to Bobo's assumption that he was no longer on supervised released.

There is no automatic right to a hearing for a habeas petitioner. *Brogdon v. Blackburn*, 790 F.2d 1164, 1170 (5th Cir. 1986). The trial judge has discretion to conduct an evidentiary hearing and "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss. Code Ann. § 99-39-11(2). A hearing is not required "when the record is complete or the petitioner raised only legal claims that can be resolved without the taking of additional evidence." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989). No evidentiary hearing is necessary when the petitioner lodges arguments based on legal construction. *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989). When the facts essential to consideration of the constitutional issue are already before the court, an evidentiary hearing would be duplicative and unnecessary. *Stroud v. U.S. Parole Commission*, 668 F.2d 843, 845 (5th Cir. 1982); *accord McBride v. Sparkman*, 860 So.2d 1237, 1241 (Miss. App. 2003).

The facts of this matter have not been disputed. Bobo, admittedly, violated the terms of his supervised release. His only argument is that he assumed he was no longer subject to the conditions of his release.[2] Whether or not Bobo was on probation is not seriously debatable. The trial court was intimately familiar with all the facts of Bobo's case. The same judge that originally sentenced Bobo also conducted both revocation hearings as well as ruled on his motion for post conviction relief. Reviewing Bobo's contention that he was no longer on probation and, thus, not properly revoked, the trial judge stated,

> in April of 2001, this Court had placed Bobo on probation when he successfully completed the RID program in 1999 and Bobo continued on probation after he was released from incarceration the second time. At the first revocation hearing on July 6, 2000, the Court specifically stated that Bobo would return to probation at the conclusion of his twelve (12) month revoked sentence. The Order Revoking Suspended Sentence also states that the other conditions of the original sentencing order would remain in full force and effect. The Court finds as a matter of law that Bobo was still on probation and the Court could revoke this probation based on the violations presented.

The Court of Appeals found no error with this holding and affirmed the trial court's decision. Clearly there was no factual dispute and there was no need for supplemental evidence. Despite his insistence, the Petitioner was not entitled to an evidentiary hearing. Therefore, the trial court's dismissal of the motion for post-conviction relief without a hearing and the appellate court's affirmation of the same was not contrary to nor an unreasonable application of clearly established law.[3] Ground One is meritless and provides no basis for relief.

---

[2] Interestingly, Petitioner offers that if he had known he was still under supervised release he obviously would not have been smoking marijuana. Petitioner does not seem to appreciate that using or possessing marijuana is illegal without regard to one's probationary status.

[3] Furthermore, the trial court refused to address this issue because Bobo failed to discuss it in his brief. *Bobo*, 914 So.2d at768. It is well settled that failure to cite authority may bar consideration of the assignment of error. *Ellis v. Ellis*, 651 So.2d 1068, 1073 (Miss. 1995). Consequently, Bobo's claim also appears to be procedurally barred. *Sones v. Hargett,*, 61 F.3d 410, 416 (5th Cir. 1995). Despite an apparent bar, federal courts may reach the merits of the

Ground Two

Next, Bobo contends that the sentencing court's revocation of all remaining time of his probationary sentence was improper. Respondents argue that this claim is solely an issue of state law which was reviewed by the Court of Appeals and denied on the merits. Further, a state's interpretation of its own laws is no basis for federal habeas corpus relief since there is no constitutional question presented.

It is unclear whether Bobo is attempting to assert a due process claim. Nevertheless, a review of the brief record confirms that there has been no due process violation, procedural or otherwise. Bobo received notice and a hearing for each revocation. At each hearing, Bobo was afford and took advantage of the opportunity to present evidence and examine witnesses. Also, the trial court clearly stated its findings and the basis for each revocation. Reviewing his motion on appeal, the court found no error with the trial court's revocation of Bobo's supervised release. Similarly, this court finds that Bobo received all process due him at each revocation hearing. *See Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972); *Williams v. Johnson*, 171 F.3d 300, 303-08 (5th Cir. 1999) (the absence of inmates parole officer at revocation hearing was harmless error).

As for the outcome of the revocation hearing, the decision to revoke or not to revoke probation rests in the sound discretion of the trial judge. *See Rusche v. State*, 813 So.2d 787 (Miss. App. 2002). At each of his revocation hearings, the judge clearly cautioned Bobo that if he violated any conditions of his probation the court would "revoke all or any part of" his sentence. At the January 2004 revocation hearing, the judge again read these cautionary instructions to Bobo before revoking the remainder of his sentence. The Mississippi Court of Appeals found no error with the trial court's ruling. Similarly, this court finds that the trial judge's decision was an appropriate

---

petition. *Granberry v. Greer*, 481 U.S. 129 (1987); *Graham v. Johnson*, 94 F.3d at 970 (5th Cir. 1996).

exercise of his discretion. By affirming the decision, the appeals court did not act unreasonably or contrary to law.

To the extent that Bobo is simply challenging the application of some unidentified state law, his argument is misplaced. To warrant habeas corpus relief purported errors must be of a constitutional dimension rather than mere violations of state law. *Turner, Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007). In the absence of the denial of a constitutional right, relief shall not be granted. *Wainwright v. Goode*, 464 U.S. 78, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1993). Bobo has not attempted to identify a right which he has been denied. Therefore, Ground Two is without merit.

Ground Three

Finally, Bobo avers that he is no responsible for the mis-communication between the sentencing court and MDOC. This argument relies upon the same misguided logic that formed the basis of Ground One. Bobo again refers to the "gold seal," which allegedly represented the termination of his supervised release, as the "mis-communication" between the court and MDOC. For a number of reasons, this assignment of error must fail.

First, it is likely that consideration of Ground Three is procedurally barred. *See* n.3 *supra*. Second, Bobo was, in no uncertain terms, informed at his original sentencing that he would be returned to supervised release once he completed the RID program. The court also warned Bobo that if he violated any of the terms of his probation the court could revoke all or any part of the suspended sentence. When asked if there was any part of the sentence that he did not understand, Bobo responded, "No, sir." The court again instructed Bobo that he would be returned to supervised release after twelve months of incarceration for the first parole violation. As for the "gold seal" upon which Bobo so heavily relies, it appears to represent nothing more than Bobo's completion of twelve months of incarceration. Furthermore, the document states that Bobo is "hereby remanded to the supervision of the Mississippi Probation and Parole Board to complete the suspended portion of this

sentence under the jurisdiction of the court." Despite the court's repeated admonishments and the plain language on the "gold seal," Bobo assumed, incorrectly, that he was no longer on probation.

In the court's opinion, there was no mis-communication between the trial court and MDOC. Rather, Bobo, against all logic, seems to have misunderstood the sentence that was so clearly and frequently communicated to him. This illogical misunderstanding is not transformed into a constitutional violation by virtue of Bobo's incarceration and does not afford a basis for federal habeas corpus relief.

## Conclusion

The court has concluded that the grounds asserted by the Petitioner, neither singularly nor collectively, rise to the level of a constitutional violation. Therefore, Petitioner's claims are meritless and his petition shall be denied in all respects.

A separate judgement shall issue in accordance with this opinion.

This the 3rd day of May, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE